IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COY PHELPS, | No. C 13-5627 LHK (PR) |
| Petitioner, | ORDER OF DISMISSAL |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

On December 5, 2013, petitioner, a federal insanity acquitee currently housed at the Medical Center for Federal Prisoners in Missouri, filed this *pro se* petition, pursuant to 28 U.S.C. § 2241, and requests release under 18 U.S.C. §§ 4243, *et seq*. Petitioner has paid the filing fee. For the reasons that follow, however, the court DISMISSES this case.

**BACKGROUND**

Petitioner has had a lengthy relationship with the judicial system. In 1986, petitioner was found not guilty by reason of insanity for "possessing, manufacturing, and placing pipe bombs at five San Francisco locations." *United States v. Phelps*, 955 F.2d 1258, 1260 (9th Cir. 1992) (*Phelps I*). Thereafter, petitioner was committed, pursuant to 18 U.S.C. § 4243[1], to the United

---

[1] Section 4243 governs the procedures for hospitalization and release of a person found not guilty by reason of insanity.

Order of Dismissal
P:\PRO-SE\LHK\HC.13\Phelps627dis.wpd

States Medical Center for Federal Prisoners in Missouri. *Id.*; *United States v. Phelps*, 283 F.3d 1172, 1179 (9th Cir. 2002) (*Phelps II*).  In 1999, Petitioner was ordered conditionally released after a court hearing.  Petitioner filed several appeals in response to his conditional release. *Id.* at 1180.  In March 2001, petitioner was arrested and re-committed. *See Phelps v. United States*, C 12-0063 LHK (N.D. Cal.) (Docket No. 8 at 2.)  Over the years, petitioner has filed more than twenty federal actions in an attempt challenge the legality of his detention. *Id.* at 2.

## DISCUSSION

I.  Standard of Review

This court may entertain a petition for writ of habeas corpus from a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

A federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

II.  Analysis

Petitioner requests unconditional release from confinement.  Specifically, he claims that he is being unlawfully confined because he does not meet the standard for insanity, and that having a mental illness is not legally sufficient to detain him.  He further argues that he is being detained because of a conspiracy between the federal court and others based on petitioner's "politically incorrect Christian religious beliefs and teachings."  Petitioner alleges that, since 1986, he has been unlawfully incarcerated for a variety of reasons.

To the extent petitioner is attempting to use the federal habeas procedure via 28 U.S.C. § 2241 to challenge his confinement, because petitioner is attacking the legality of his detention rather than the execution, a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is the proper vehicle. *See Grady v. United States*, 929 F.2d 468, 470 (9th Cir. 1991) (challenge to sentence following probation or parole revocation must be brought in sentencing court via § 2255 motion); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988) (challenge to legality of conviction must be brought in sentencing court via § 2255 motion); *see also United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980) (where challenge is to alleged errors at or prior to sentencing remedy is § 2255 motion, not § 2241 writ).  A prisoner wishing to challenge the execution of a federal sentence, e.g., parole and time credit claims, on the other hand, must do so by way of a petition for a writ of habeas corpus pursuant to § 2241, which must be addressed to the district which has jurisdiction over the prisoner or his custodian – generally the district of confinement. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984).

However, as the court explained in its Order of Dismissal in *Phelps v. United States*, C 12-0063 LHK, and *Phelps v. United States*, C 04-4192 MHP, a new § 2255 petition cannot be filed in this court unless and until petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider his second or successive petition. *See* 28 U.S.C. § 2244(a) and § 2255.  The court will not investigate and list all the habeas petitions filed by petitioner (since he has filed over twenty actions in this court and apparently over seventy actions if all district courts are considered), but will provide an example of a habeas petition he filed to show he is subject to the requirement of circuit court authorization to file a second or successive petition.  In petitioner's criminal case, *United States v. Phelps*, CR 85-899 MHP (N.D. Cal.), petitioner filed a habeas petition on October 2, 1986 challenging the constitutionality of the commitment statutes under which he was committed.  (Docket No. 183.) That petition was denied on the merits in an order filed December 9, 1986.  (Docket No. 190.) The decision denying petitioner's petition was subsequently affirmed by the Ninth Circuit in *Phelps v. United States*, 837 F.2d 897 (9th Cir. 1987).  *See also Phelps v. United States*, C 11-3211 LHK (N.D. Cal. Aug. 30, 2011); *Phelps v. U.S. Supreme Court*, C 05-2255 MHP (N.D.

1    Cal. July 27, 2005); *Phelps v. United States*, C 04-4192 MHP (N.D. Cal. Feb. 9, 2005).

2       Moreover, the court has already informed petitioner that a habeas proceeding is not the appropriate way to seek such release under Sections 4243 and 4247 in light of the Ninth Circuit's opinion in petitioner's criminal case. *See United States v. Phelps*, 283 F.3d 1176 (9th Cir. 2002). Under 18 U.S.C. § 4247, "counsel for the person hospitalized may at any time during such person's hospitalization file with the court a motion for a hearing to determine whether the person should be discharged from the facility, irrespective of whether the director has filed a certificate." *Id.* at 1183 n.8. Release proceedings also could be instituted in compliance with § 4243(f). *Id.* at 1187. Under § 4243(f), "When the director of the facility in which an acquitted person is hospitalized . . . determines that the person has recovered . . . he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment." In light of this guidance, a petition for writ of habeas corpus to determine whether petitioner ought to be reevaluated, or whether he ought to be released is wholly inappropriate.

## CONCLUSION

The instant habeas petition is DISMISSED. The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

The clerk shall terminate any pending motions and close the file.

IT IS SO ORDERED.

DATED:  4/5/14

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order of Dismissal
P:\PRO-SE\LHK\HC.13\Phelps627dis.wpd      4